And we'll hear from Council in Sable v. Velez Something to eat? Not me, do you? No, I'm a federal employee Okay Okay Patrick, how are you doing? Are you alright? Okay, good Let us know if we can do anything  Good morning, Your Honor John Callinan for the appellants, Sable and Lonza Your Honor, I'd like to reserve two minutes of my time for purposes of rebuttal That's granted Your Honor, the issue before the court is whether or not a preliminary injunction should issue preventing the Secretary, and for purposes of consistency, I'll refer to Commissioner Velez and Director I'm sorry, that wasn't clear For purposes of consistency For purposes of consistency with the brief, I'll refer to Commissioner Velez and Director Gould as the Secretary Okay The issue before the court is whether or not a preliminary injunction should issue preventing the Secretary from treating a bona fide negotiable promissory note as a trust-like device Let me say right at the outset, if I make absolutely certain I understand your argument You're not arguing that the promissory notes are not or should not be counted as resources under the SSI resourcing counting rules, right? Correct You're saying that they should not be considered under the trust rules Well Because they are resources as promissory notes As at the Palm section 1120.200, that section has to do with identifying resources No, answer my question. You're saying they should not be considered under the trust rules, correct? I'm saying they shouldn't be considered as trust resources As trust resources because they are They should be considered as note resources As note resources Correct And you want them considered as note resources, I gather, so that you can rebut the face value Correct So you're not saying that they shouldn't be considered at all No You are conceding they are resources Absolutely But their denomination should be as promissory notes and not as trust-like devices That's That's the argument My argument is actually quite simple because once they are treated as note resources They will not be considered as trust-like devices under the Palm Except that, so that the secretary or whatever it is, didn't consider them as notes Correct And leaped immediately to consider them as trust-like devices Correct Really, that's my argument, but I'll continue But don't you run into a problem, though, because under the liquidity test Promissory notes are deemed liquid resources They are deemed as countable resources under SI-11 As what resources? Is this too close to me? No, I don't know The acoustics in this courtroom are terrible Go ahead, I'm sorry They're identified as countable resources Countable Under Palm's 1140.300 section So, I mean, you seem to be in a bit of a catch-22 in that respect Explain to me why you're not Well, because if they're treated as note resources, then I Well, can we say promissory note? Or you seem to be careful to say note Is there a distinction between promissory notes? No, no, just for shorthand If they're treated as promissory note resources Then I am afforded the opportunity to rebut the face value of the note I think that if I were afforded that opportunity, I could rebut it to zero And under the Palm's 1100.100 section, I believe Even if it has no value, it's still considered a resource Well, except that don't you get into If it was a resource before, it's a resource now So that it was the cash, you know, the transfer It doesn't lose its character as a resource Simply because it was transferred into another form Right, Code of Federal Regulations says that That's correct, Your Honor But once again, it's a question Not a bad point What? No And as I say, the promissory notes are resources The secondary question, that is the question before this court Whether or not a bona fide negotiable note Can be treated as a trust-like device I say no, it has to be treated as a promissory note Not before this court, but I think what Your Honors are getting at down the road Why am I doing this? Because isn't it just a resource and therefore they're ineligible But the secondary question, which is not before this court And there's nothing in the record about it Is that I could rebut the face value of the note And prove that it has no value All right, where in the record below Is the evidence that you've rebutted that Such that we should hold the trial court erred In finding that you had no likelihood of success on the merits Well, all I'm asking, all I ask the trial court And all I'm asking this court is for a preliminary injunction Preventing them from treating a promissory note as a trust-like device Period Well, but to get your injunction You need to show likelihood of success on the merits I can't find anything in this record That would tell me that the trial judge erred In not finding that your defense was likely to succeed Well, I guess it's the narrowness or broadness of the issue The issue that I raised and that I think the trial court considered Is whether or not a promissory note can be treated as a trust-like device Or whether or not under the comparability provisions of the Medicaid Act It has to be treated as a Except the trial court did not consider POMS 1120-220G Where it says that the SSA will not consider these arrangements Under trust rules if they would be counted as resources Under regular SSI resource-counting rules No, Your Honor So if it's promissory notes The district court went and said There is nothing in SSI law that prohibits promissory notes From being counted as trust-like devices I suggest that might be wrong Because of the provision of POMS I just quoted That if there is an arrangement That would be counted as a resource You don't count them under trust rules Correct, Your Honor And the trial court did consider that But she didn't She didn't quote that provision at all That's what's concerning to me At appendix 11A You can see POMS 1120.201G1 is cited Which is the very section, the very subsection That says if they are counted as resources Under regular SSI resource-counting rules We will not consider them to be trust-like devices Yeah, I'm quoting 220G It says the same thing Right But she immediately considered Calling them promissory notes And not taking any issue with the validity of them As promissory notes Or their bona fides as promissory notes She went right on to consider them as trust-like devices Was that appropriate? No, that's not appropriate That's why you're here That's why I'm here That's the whole point of my argument I only have a page and a half here Written as a speech And really we've already been through it Because that is the point of my argument Under the comparability provisions You have to use a no more restrictive standard The POMS standard is that If they are counted as resources Under regular SSI resource-counting rules We will not consider them to be trust-like devices To me that is very clear And I think that the trial court Just erred on that one issue Other than that With the other points for a preliminary injunction I point out in my brief I had another case before Judge Thompson Sorber v. Velez In which she ruled in my favor On those other points And I really believe that the same would apply in this case That every day that goes by And these appellants are denied Medicaid benefits Is a day lost of Medicaid Which has been held to be irreparable injury That the harm to the secretary In granting Medicaid to my client Is minimal And that the public interest Weighs in favor of granting Medicaid eligibility To those that deserve it Well Judge Thompson didn't rule on any of those Because she believes That if you're unable to prove likelihood of success You don't have to rule on those other prompts Correct One could make the argument That there is a balancing That is required At least under some of the case law As opposed to the rigidity of the application That was performed here And your honor Let me just point out one thing Because there was one section of the POMS A presumption that I did not touch on in my briefs But in reviewing all of this For oral argument today I noticed that POMS 1140.300 D3B Raises a presumption Absent evidence to the contrary That a written promissory note Is both bona fide and negotiable That should be compared with the presumption At 1120.220 D1 Which says a bona fide note is negotiable The distinction is Is that a note can be both written and oral So if it's written The POMS raises Even a note can be oral That's what the POMS said If somebody could agree I agree to pay you $100 a month For the next five years And that's a note? It's an oral contract It's not a note That's what the POMS says If we If this would go back to Judge Thompson Would she have to determine whether or not These are bona fide notes? No, because absent evidence to the contrary And there is no Would they be given the opportunity You would come in and you Let's see, who's the moving party here? They're moving for a preliminary injunction And I guess you would have to prove Likelihood of success So you come in with your promissory notes That on the face of them Seem bona fide And they would have the opportunity To come in and show they're not Correct They would have to present evidence To the contrary That they are bona fide And if they're not bona fide Then you would concede If you're into the trust-like devices Then I'm in trouble Then you're in trouble Really the issue is whether These people can get into An institution Under Medicaid, right? Well, Appellant Sable My colleague Robert Brogan is here for Appellant Sable Is actually at home Seeking Medicaid waiver services at home Like a home health aid But, Mr. Kellen Excuse me And But isn't one of these I'm sorry One of these appellants Seeking entrance into an institution He's in a nursing home He's in a nursing home So all that's at issue Is the preliminary injunction If he ultimately proves it Then the state will pay him back For what he pays Correct So why shouldn't we Uphold the preliminary injunction? Because it's been held by Judge Thompson and Sorber And I believe Judge Thompson Go ahead Also in the James vs. Richmond case Before the trial level That the denial of Medicaid benefits Oh, I'm sorry Because, Your Honor You can only award benefits Three months retroactive That's why Because I am losing Medicaid We can award it But wouldn't the state pay it back? No They would not pay back Two years now They would only pay three months back So I am My clients are losing Medicaid benefits I'm trying to make sure I understand G Of 220 1120.201 We've made reference to it before It says, however, we will not consider These arrangements under trust rules If they would be counted as resources Under regular SSI resource counting rules I was unclear as to exactly To what that referred Well, a note at 1120.220 Is counted as a resource to the lender I believe that's 1120.220B1A It says that a bona fide note Is treated as a resource No, I'm not asking about the note Specifically I'm asking What are the regular SSI resource counting rules? What is the complete universe That would encompass that? I'm unclear on that I'm sorry I misquoted the site It was 2A But I'm sorry Could you repeat the question? It says We will not consider these arrangements Under trust rules Right? If they would be counted as resources That's your argument Then it says Under regular SSI resource counting rules What are the regular SSI resource counting rules? They're at 1120.200 The whole section deals with identifying resources And that's the complete set? In the palms, correct The 200 in the palms Right Okay, thank you Thank you very much We'll hear from your friend across the aisle And you'll have to do something with that mic Can you hear me? That's better Can you hear me? Yeah I'm sorry My name is Diana Rosenheim I'm a Deputy Attorney General From the New Jersey Attorney General's Office I represent Commissioner Velez She's the Commissioner of the Department of Human Services And John Gould Who is the Director of the Division of Medical Assistance and Health Services Please speak slowly I don't know what it is in this room But it's very hard to hear So that we can understand you You'll have to speak slowly Help me with a very simple question And I opened with Mr. Callahan I opened my questioning to him with it Promissory notes are counted as resources Under SSI resource counting rules, yes? Yes, I suppose they could be Yes, well, yes, they are Yes So under POMS 220G Why do we even get to the question Of whether they should also be considered Under the trust rules? The purpose of that section Is so the same resource is not counted twice Correct So why did the Secretary or whoever Whatever the name is Immediately leap to the trust-like device rules When these are denominated as And on their face appear to be Bonafide promissory notes Because the facts of this case Don't make them appear to be Bonafide promissory notes Well, that's not anything The district court found Well, I think she did find that In her second opinion She actually said that just because You put a title on a document I'm losing you, I can't hear Just because you put a title on a document Does not mean that that's what that is She described them as duly executed She described them as having A certain term and a repayment schedule And interest Right, it almost seems like an investment These plaintiffs' children Spontaneously needed loans In denominations of hundreds of thousands of dollars At the exact time that the parents had to What difference? I didn't hear the rest of your sentence I'm sorry At the exact time that The parents were applying for Medicaid And in the exact amounts That were excess resources You think it's suspicious? It definitely appears to be suspicious Well, so is gifting To avoid estate taxes That's perfectly legal There are a variety of tax avoidance Methods that are perfectly legal, right? Sure What if the elderly folks The Lanzes and the Sables Had spent the money in Vegas And they were down to $100,000 Would they not be entitled to Medicaid? Or would the commissioner come in and say We think your spending habits Are not to our liking So now you can't have Medicaid As long as you can document how you spent the money It's considered So you can't give it to your children But you can spend them in Las Vegas If you can document that you lost it in Las Vegas I suppose you can get away with it I've never seen that situation But you can give it to your children That's fine But why is I guess I'm kind of shocked That you're arguing that the timing is the problem here I would be more interested in Well, they said this is a note With an express term and an interest rate But guess what? They're not paying it back This was some sort of a fraud Or a sham transaction If it's a legitimate transaction Where the children are repaying the notes Then it's just like a business deal But obviously they did it for the purpose Of accessing the largesse of the state People do things all the time To access the largesse of the state Why are these families any different? Well, because Congress specifically made rules That the purpose of the DRA Was to limit people Accessing the largesse of the state Inappropriately You're supposed to spend down your resources So you go to Las Vegas And that's okay No, I mean, it's not a good It's a very good hypothetical I don't know about Las Vegas You said before you can go to Las Vegas Well, you're spending it down You're spending it down You can give it to your kids You can put an addition on your house I guess you can go to Las Vegas If you can document that you gambled the money Lost it And didn't have any winnings to offset it The very same children To whom the no transaction was engaging They could have taken them And their grandkids on a 30-day cruise around the world And spent the money that way And that's okay But the more conservative Apparently judicious thing At least in my mind Than going to Vegas Or going on some whirlwind tour around the world That's not okay I mean, it just seems very incongruous to me I guess they don't expect that people will go to Vegas Who are on Medicaid Or about to go into Medicaid Why did you leap right into trust-like devices When you had promissory notes before you? Because the transaction This is done at the county level And to the county workers This transaction appeared to be a way To get the money Not considered an eligibility determination But back to the community spouse These did not appear to be real loans And that's why we need discovery That's what the judge found Off their faces They do not appear to be real notes? Yes What on the face would lead you to believe That they're not real notes? Because why would the children Need a loan For the exact amount of excess resources On the date of the Medicaid application? So you're back to suspicious But suspicious does not I mean the motivation Does not necessarily mean That they're not bona fide notes Well we don't have any discovery So we don't really That's right Because Judge Thompson Threw it out She not only denied the injunction She granted the motion to dismiss That's not before us now But didn't she dismiss the action? No she denied the motion to dismiss I stand corrected The motion to dismiss was made But I think she didn't rule on it She denied it Yeah Let me just point out So that we get this This is not a Vegas case Because in the Vegas case The asset disappears It goes to the big deals at Vegas I mean these notes Trusts, whatever they are Exist in the family unit So it's not the same As going to Vegas And I think that's really not a good analogy And so that's what Judge Thompson found Was that there was There was trust infused in this transaction Between a parent and a child One of the children is actually power of attorney For one of the parents So there's already a fiduciary duty And she said that we need to look To see if there really are fiduciary obligations If the children really do intend To manage the money for the benefit of the parents But to Judge Barry's point We're not going to look and see Because there was a determination That this is like a trust And I'm not suggesting to you That where there's smoke There might not be fire But that would seem to me To be a matter for discovery I mean you have every right To try to Oppose their defenses I mean they've conceded here In oral argument That these are resources And these are accountable And they're going to try to fight you By saying that They have valid defenses And the commissioner has every right To dig into this and say Well show us the stream of payments Show us that this really is a valid transaction But don't we have to at least go through that process Before we really know What the right answer is in this case Yes So you don't oppose a remand then Well the case is still there We're only here on the denial The appeal of the denial Of an injunction An injunction is you know Granted in very limited circumstances And you're only reviewing for Erroneous findings of fact And erroneous conclusions of law And Judge Thompson in two decisions Has justified Why she's done this She says that it does appear that there could be Trust Involved in these transactions And that maybe they really are trust like devices But how do you get around G that tells us not To treat this as a trust like device I mean it's Because these are trust like devices That's the problem When you look into the transaction You don't get to that You don't get to the trust like device analysis Under G If they're promissory notes You don't even get there But these aren't promissory notes There's no loan here They're holding the money in a bank account Judge Thompson calls them promissory notes Because I think she's referring to the title On the document And she's talking about duly executed And all the other They're one piece of paper Now there will be There's nothing That says there won't be discovery This is just a preliminary Injunction And as soon as It gets out of us It will go back to the district court And I assume there will be discovery And you won't object to discovery Correct we want discovery We would like to depose the children We want to find out what their understanding is For holding this money But isn't it proper for us to tell The trial court That before it can reach the end point I.e. these are not promissory notes These are trust like devices Masquerading as promissory notes Don't we have to say That that determination was made Prematurely in this case Well I didn't think that Judge Thompson Had made that determination I think she was only denying the preliminary injunction We were scheduled to start discovery Because you found they were Trust like devices Right Was that not a premature finding No Normally You would go have an administrative hearing But these plaintiffs chose not to And at the administrative hearing All the facts would be laid out Testimony would be added An administrative judge would determine the case These plaintiffs chose not to go through that process And went straight to federal court Seeking an injunction that we cannot count Something that appears to be a trust like device As a promissory note We do not want this injunction entered Because obviously everyone would start doing this You use some fighting words in your papers You use the word scheme And you use the word manipulation Inflammatory words In my view In your papers And you say that If this were allowed The floodgates would be open For the temporary transfer Of resources to gain eligibility To Medicare Without first spending down resources But appellants Concede that the notes Should be counted as resources They're not saying they shouldn't be Now whether or not they can Rebut if there is such a thing They can rebut the value on the note They're saying they should be counted As resources So they're not looking to avoid that In this scheme Well under Medicaid law A promissory note Can be considered An exempt transfer of assets In which case that resource Would not be counted In the eligibility determination That's under 1396 PC I know it's really complicated I think It struck me as a little ironic Reading the briefs That the state of New Jersey And perhaps it's dictated by federal law I'm not certainly remotely an expert But it seemed ironic That the state was setting up a situation Where people could readily Access the largesse of the state And when people readily access the largesse of the state The state came back and said Hey we don't have the money for all this Well then change the law Don't make it so easy to access the largesse of the state Isn't that your remedy Rather than making these distinctions Congress enacted the DRA In order to tighten up the loopholes And they did not mean for people to give their friends And family money to hold for them While they become Medicaid eligible But you just said earlier They could put an addition on the house They could buy three diamond rings There are all kinds of They'd have to liquidate the diamond rings But your house is your house If you look at the decision In Wessner below That's the related case cited in our brief Judge Pisano Different judge found that that was a sham transaction It's a promissory note transaction Same as this except in that case They were doing what's called a half aloof Instead of trying to funnel the money to the community spouse Could they have gifted They could gift the money to the children Sure And then pay the gift tax No in Medicaid world Under 1396 PC You have to serve a transfer penalty Which is the amount of money you give Divided by the cost of nursing home care Works into a number of fees And you can't be eligible That's what they're trying to avoid And also to address your other concern Under 42 U.S.C. 1396 A A 34 We have to grant eligibility From the date that they're actually eligible So plaintiff's argument That they're going to lose benefits somehow If they're later determined eligible is incorrect We have to grant eligibility up to three months Before the date they are actually eligible As determined by their application But they're not actually eligible Until a court says they are Well I guess until this matter Is determined by the court So they'll be having to Put all these bills Themselves until What is the average Length of time for something to get Trial in the district of New Jersey I don't even want to think You are a district judge A lot of years ago But no quite seriously You're going to If this were to go Whatever happens you're going into discovery here Right Absent a motion that is successful For summary judgment or to dismiss There'll be a trial I mean these people have to Exist But they're existing now Well the nursing homes Or medical institutions in New Jersey Cannot throw a person out You can't throw them out You have to give them a place to stay Yes they have to pay Or work out an agreement with the nursing home To wait until this matter is resolved What about this I'm interested in what he said About the fact that You won't repay them That's what I'm saying Three months Under 1396AA34 We have to pay from the date they're determined eligible So I don't understand his argument Is that date at the end of trial No no It's from the date of application It's retroactive They applied in I don't know 2009 So it would be back to the date of application Possibly three months before There's no three month limit Not that I'm aware of You said the date they're eligible The date they applied they were not eligible You're opposing the eligibility But if the court determines they're eligible From the date of application Which is the date that's at issue Then they get benefits back to that date There's no prejudice And they can't be thrown out And the one who's in his home Is in his home Not under New Jersey law But meanwhile they have to spend down everything they've got Well they've supposedly done that Exactly The children are holding extra money Thank you The children could There's no reason they have to hold it They can spend it Think about it Thank you Thank you your honors Your honors a few things I'd like to rebut One Appellant Sable is at home And even under Even if there was no appeal Or no trial court actions on this matter There are no retroactive benefits On the Medicaid waiver program It's called the Medicaid waiver program Under 1396 D.N. D.N. For people that are at home Now you told us that there was A three month limit And she tells us there's no such thing I don't know how we're supposed to know On the court of appeals What the situation is The 11th amendment prevents this court from Awarding benefits more than 1396 A.A. 34 Would permit retroactive three months Well but the 11th amendment Lorenzo Coker Wilson Which is a case out of Connecticut And also Sorber versus 11th amendment I don't think the 11th amendment She tells us this is what New Jersey Does Although when you look in the newspaper You wonder but she says This is what New Jersey does I think we have to and she's a representative Of New Jersey I think we have to Accept her statement that New Jersey will pay it Back to the date of eligibility Now we're not going to have a hearing We don't have hearings Well if she's saying that But they definitely will not award it to Appellant Sable who they do not Give retroactive benefits to people at home Whether you were involved in an appellate Court case or you just apply And your application is accepted eight months later You've got a judicial admission Here That it is Your honor I just wish to Point out several things One there are eight prongs under the Medicaid Act of 2005 I once tried to teach the Medicaid Act And I lost my students So I didn't teach it the next year There are eight Objective prongs Five bona fide prongs Under 1120.220c And three Objective prongs in the Medicaid Act 1396 PC 1i All of those deal with Objective information Not oh we think they're just Holding it because none of that is in the record We think they're just holding the money That's not in the record I think this court needs to remand But with a plenary conclusion of law That a bona fide negotiable note Cannot be treated as a trust like device Because that is the law We don't have to remand the cases in the district court There's no place to remand it I mean you're just You just want us to reverse What she said But it's there As soon as we're finished it's going to go right back there What I'm looking for Is a preliminary injunction to prevent A bona fide negotiable note From being treated as a trust like device And there are eight objective tests for that And we meet all eight objective tests So that you can contest the valuation For purposes of eligibility Correct Thank you Thank you